## Commonwealth v. Dailey

*H. Stanley Rebert,* for Commonwealth.
*Danny Dailey,* pro se.

KENNEDY, *J.,* May 15, 2009—On Thursday, April 30, 2009, the clerks of courts office forwarded to the undersigned Danny Dailey's petition for appeal of the denial of records by the District Attorney's Office of York County, under the Right-to-Know Law, in which he requested *"Copies of Complaints and of Copies of Dated Envelopes That Contained Letters Sent to the Accuser and Her Mother Used Against Me in Court . . . ."* Mr. Dailey filed this petition on or about April 20, 2009. We deny Mr. Dailey's petition, and we issue the following opinion to discuss the basis for our decision:

## FACTS AND PROCEDURAL HISTORY

This matter arises from Mr. Dailey's summary conviction for harassment. In our 1925(a) opinion, dated March 25, 2008, we recited the facts as follows:

On August 28, 2007, Southwestern Regional Police Department Officer Jaime Stalcup responded to a harassment call at a residence in North Codorus Township. (N.T. hearing, pp. 12-13.) Officer Stalcup reported that this was not the first instance in which he or another officer were called to this residence on this matter; he can recall at least three prior occasions when he was called, and that other police officers from his department also responded to this residence for the same reason regarding the same appellant. (N.T. hearing, pp. 14-15.)

On August 28, 2007, appellant placed an un-stamped envelope in the mailbox of the residence of Ms. Audrey Adams, containing a letter addressed to Ms. Adams, which she found harassing. (N.T. hearing, pp. 5, 14.) According to Ms. Adams and Officer Stalcup, appellant

continued to send letters and telephone calls to Ms. Adams, even after she, her mother (with whom she resided) and the police instructed Mr. Dailey to stop. (N.T. hearing, pp. 6-7.) The August 28, 2007 letter appeared in Ms. Adams' mailbox after the police had instructed him to cease contacting Ms. Adams. (N.T. hearing, p. 16.)

On January 30, 2008, appellant was found guilty of harassment and fined.

Since the filing of our 1925(a) opinion on March 25, 2008, Mr. Dailey has filed several motions, including the following: a motion for reargument [sic] on October 17, 2008; reargument and statement of facts on December 3, 2008; discovery demand on December 12, 2008; and a petition to place court costs on the county, on December 31, 2008, which we granted on January 5, 2009. Mr. Dailey has also sent this court various correspondence, colorfully detailing his communications with the victim and her family in this case.

The Superior Court affirmed our judgment of sentence on October 6, 2008, and returned the case on January 27, 2009. Mr. Dailey's instant petition deals with the same subject matter of his summary conviction.

## DISCUSSION

On April 20, 2008 Mr. Dailey filed his self-styled *"Petition for Appeal of Denial of Records by the District Attorney's Office of York County Under the (Right To Know Law) Asking for Copies of Police Reports of Complaints and of Copies of Dated Envelopes That Contained Letters Sent to the Accuser and Her Mother Used Against Me in Court Pertaining to a Citation Charge Issued by*

*the Southwestern Police Department September 2007 and Later Convicted by the Courts of Judge Kim S. Leppo on October 31, 2007 and of John S. Kennedy on January 30, 2008 and of the Superior Court on Written Arguement [sic] and Rearguement Ending December 10 2008."*

In order to provide for access to public information, Governor Ed Rendell signed Pennsylvania's new Right-to-Know Law on February 14, 2008, and it took effect on January 1, 2009. 65 P.S. §67.101 et seq. This law governs the release of records from an agency, including an entity or office of the unified judicial system, provided the request is specific and concise. All records are presumed to be public records unless disclosure is barred by: (1) state or federal law or regulation, or judicial order; or (2) privilege, *e.g.,* attorney-client, doctor-patient; or (3) one of the exceptions under section 708 of the statute.

A record is defined as any "information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received, or retained pursuant to law or in connection with a transaction, business or activity of an agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document." Section 67.102.

The Right-to-Know Law chapter 7 outlines the procedure for filing a request under the statute. "Agencies may fulfill verbal, written or anonymous verbal or written requests for access to records under this Act. If the

requester wishes to pursue the relief and remedies provided for in this Act, the request for access to records must be a written request." Section 67.702. Requesters of information should "identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested, and shall include the name and address to which the agency should address its response." Section 67.703.

Agencies are required to respond within five business days. "Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or a financial record, and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances." Section 67.901. If the agency fails to respond in five days, the request is deemed denied. *Id.* In that event, a requestor has 15 business days to file an appeal to the state Office of Open Records. Section 67.1101(a)(1). In the case of an appeal of a decision by a local agency, the Office of Open Records shall assign an appeals officer to review the denial. Section 67.1101(a)(2). Then, "within 30 days of the mailing date of the final determination of the appeals officer relating to a decision of a local agency issued under section 1101(b) or of the date a request for access is deemed denied, a requester or local agency may file a petition for review or other document as required by rule of court with the court of common pleas of the county where the local agency is located. Section 67.1302(a). While the law does not specify whether the agency or requester must file this petition for review with the county prothonotary's office

or the clerk of court's office, the penalties for denying access to a public record in bad faith are *civil* penalties of not more than $1,500. Section 67.1305(a). (emphasis added) We hold that absent local rule, requesters and agencies should file a petition for review with the prothonotary's office in the county where the agency is located.

Mr. Dailey states as follows, *"I Appealed the Refusal by the Police Department to Office of Open Records Which Was Forwarded to the District Attorney's Office Which Never Has Responded As of This Date of 4/20/09. Another Letter Was Sent to the Officer of Open Records at the DA's Office Even If He May Just Handle Records From Their Office and Not the Police Department Records As I Was Told Differant Things of This. One Was Sent to Their Department Also."* Mr. Dailey indicates parenthetically that he appealed the refusal of the Southwestern Regional Police Department on March 13, 2009, and that the York County District Attorney's Office received a copy of his appeal of the refusal from this police department on March 19, 2009.

Upon reviewing the statutory definitions of "agency" and "local agency," as well as the statutes relating to intergovernmental cooperation which enable the creation of regional police departments (53 P.S. §2301 et seq.), the Southwestern Regional Police Department qualifies as a local agency under the statute, as "any local, intergovernmental, regional or municipal agency, authority, council, board, commission, or similar government agency." 67 §102. A local agency is required to provide public records in accordance with this act. 67 §302(a).

Mr. Dailey has not included in his petition whether this police department has responded to his requests for information, nor if this local agency even received Mr. Dailey's requests. Nor are we aware of any reasons the police department may have provided to Mr. Dailey for a decision not to provide these records to him.

In the event that a local agency denies a written request for access to records, the Office of Open Records shall assign an appeals officer to review the denial. 67 §1101(a)(2). Again, Mr. Dailey's petition is silent as to whether he contacted the state's Office of Open Records at any point following a denial from the police department.

Mr. Dailey's petition also includes the following paragraph, addressed to District Attorney Stanley Rebert, Magisterial District Justice Kim Leppo, and the undersigned: *"This Letter Is a Complaint of the Southwestern Regional Police Department and the York County District Attorney's Office of York Pennsylvania of One of Other Complaints I Have of Them.*

*"I Have Sent the Clerk of Courts Office a Copy of This Petition To Forward to the Judge in Charge of Appeals and Also a Copy of This Petition to the District Attorney's Office of York County That Has So Far With in a Reasonable Period of Time Has Neglected To Respond to My Request on a [sic] Answer on the Appeal I Had in Reguards [sic] to Asking for Copies of Police Reports and Dated Envelopes Containing Letters That Pertained to the Charge, Case, and Conviction by the Police, DA's Office and the Courts or Have They Sent the Requested Document Whether They Be in the Police's Possession or in Their Hands They Have Refused To Be Honest and*

*Fair in Their Practices As Some of Other Ones Have Done Involveing [sic] This Case and Others Working in the Court Systems and Offices and the Law Besides the Accuser Involved in This Charge and Case That Has Lied Enough To Begin With, [Signed] Victim, Defendant, Witness. "*

Accordingly, we deny Mr. Dailey's petition for appeal for the following reasons:

(1) Mr. Dailey has not advised in his petition what form his initial request to the Southwestern Regional Police Department was presented, whether written or not (in order to preserve his appellate rights, the request must be written);

(2) Mr. Dailey has not provided us with any information regarding the Southwestern Regional Police Department's response to his initial request for information; and

(3) Mr. Dailey has not provided us with any information regarding any contacts he may or may not have made to the state's Office of Open Records for the purposes of appealing a denial from the police department.

In conclusion, we do not reach the merits of whether the documents Mr. Dailey requests qualify as records under the statutory definition, or whether the documents he requests may fall under one of the exceptions outlined in section 708 of the statute. We dismiss his petition for appeal without prejudice, so that he may attempt to gain this information properly under the state's Right-to-Know Law.